**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

NELSON R. LYNCH,            )
                Petitioner,   )
v.                          )   Case No. CIV-06-99-HE
                             )
JUSTIN JONES,               )
                Respondent.   )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, it is recommended that the petition be denied.

**I.   Relevant Case History**

Petitioner was convicted by jury in the District Court of Oklahoma County, State of Oklahoma, Case No. CF-2002-4110 for Possession of a Controlled Dangerous Substance (Cocaine) with Intent to Distribute After Former Conviction of Two or More Felonies. Petitioner was sentenced to forty years' imprisonment.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed Petitioner's conviction by summary opinion filed June 25, 2004. *See* Response [Doc. # 11], Ex. 3, OCCA Summary Opinion.

Petitioner then filed an application for post-conviction relief in the state district court which was denied. The OCCA affirmed the denial of post-conviction relief on December 2, 2005. *See* Response, Ex. 5, OCCA Order Affirming Denial of Post-Conviction Relief.

In this habeas action, Petitioner raises the following grounds for relief:

(1) ineffective assistance of trial counsel based on counsel's failure to challenge the admission of evidence obtained in violation of his Fourth Amendment right against unreasonable search and seizure and illegal arrest, and ineffective assistance of appellate counsel for failing to raise the ineffective assistance of trial counsel claim on direct appeal;

(2) a violation of his Fourth Amendment rights based on an illegal search of his vehicle; and

(3) an invalid sentence based on improper use of prior convictions to enhance the sentence.

Petitioner raised ground two on direct appeal of his conviction. *See* Response, Ex. 1, Brief of Appellant. He raised grounds one and three in post-conviction proceedings. *See* Response, Ex. 4, Petition in Error (for review of post-conviction order).

## II. Standard of Review

Petitioner's habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, a petitioner is not entitled to habeas corpus relief if his claim has been adjudicated on the merits by the highest state court unless the state court's adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or resulted in a decision that was

"based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) & 2254(d)(2).

As the Supreme Court has explained, "[a] state-court decision is contrary to . . . clearly established precedents if [the state court] applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result.  A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies th[e] Court's precedents to the facts in an objectively unreasonable manner."  *Brown v. Payton*, 544 U.S. 133, 125 S. Ct. 1432, 1438-39 (2005) (internal citations omitted).

**III.    Analysis**

    **A.    Petitioner's Fourth and Sixth Amendment Claims**

On direct appeal Petitioner claimed the search of his vehicle violated the Fourth Amendment.  The OCCA did not address the merits of the claim but deemed the claim to be waived because Petitioner had not challenged the legality of the search of his vehicle at trial. *See* Response, Ex. 3, OCCA Summary Opinion at 3 ("Appellant did not challenge the legality of the search of his vehicle at trial and review of his claims relating thereto is waived on appeal.").

Petitioner then filed an application for post-conviction relief and claimed trial counsel was ineffective for failing to challenge the legality of the search at trial.  Petitioner further alleged appellate counsel was ineffective for failing to raise the claim of ineffective

assistance of trial counsel on direct appeal. In affirming the district court's denial of post-conviction relief, the OCCA found that Petitioner had not "established that his counsel's performance could have or should have changed the outcome of his trial and appeal." *See* Response, Ex. 5, OCCA Order Affirming Denial of Post-Conviction Relief at 2.

In this habeas action, Petitioner raises the ineffective assistance of trial and appellate counsel claims in ground one of the Petition. He also brings a separate claim in ground two of the Petition alleging the search of the vehicle was illegal and, therefore, violated his Fourth Amendment rights.[1]

In order to establish a claim of ineffective assistance of counsel, Petitioner must show counsel's performance was deficient and it prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient assistance of counsel is representation that "[falls] below an objective standard of reasonableness." *Id*. at 688. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Prejudice to the defense

---

[1] Pursuant to *Stone v. Powell*, 428 U.S. 465 (1976), a court on federal habeas review is generally precluded from reviewing a Fourth Amendment claim where the petitioner had a full and fair opportunity to present the claim in the state court proceedings. Petitioner further claims, however, that counsel was ineffective for failing to assert a Fourth Amendment challenge and in these circumstances, the merits of the Fourth Amendment claim must be analyzed to determine whether the petitioner was prejudiced by counsel's allegedly deficient performance. *See, e.g., Hooper v. Mullin*, 314 F.3d 1162, 1175-1176 (10th Cir. 2002). *See also Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986) (restrictions on federal habeas review of Fourth Amendment claims announced in *Stone* do not extend to Sixth Amendment claims of ineffective assistance of counsel). While Petitioner also brings a stand-alone claim challenging the legality of the search of his vehicle, because the claim must be analyzed in the context of the ineffective assistance of counsel claims, the stand-alone claim is addressed on the merits. *See, e.g., Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (where claims may be "more easily and succinctly" decided on the merits, in the interests of judicial economy the procedural bar issue need not be addressed).

"requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The *Strickland* standard applies equally to ineffective assistance claims concerning trial and appellate counsel. *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). "[I]n analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal, [the court] look[s] to the merits of the omitted issue." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (quotation omitted). The omission of a meritless issue does not constitute deficient performance. *Id.*

The record establishes that on the evening of March 1, 2002, Tim Hock, an officer employed by the Oklahoma City Police Department, observed a white Camaro go through an intersection "at a fairly high rate of speed." Tr. Vol. 2 at 23. Officer Hock pulled around the block and observed that the driver had stopped the vehicle "mid-block." Tr. Vol. 2 at 23. As Officer Hock approached the vehicle, he observed Petitioner get out of the vehicle. Tr. Vol. 2 at 23. Officer Hock recognized Petitioner from prior contacts. Tr. Vol. 2 at 24. Officer Hock did not make contact with Petitioner. He explained that "in case there was anything going on" he did not want "anything discarded or thrown down." Tr. Vol. 2 at 24. Officer Hock continued past Petitioner and then continued around the block. Officer Hock

then observed Petitioner at the corner of the intersection about one-half block away from where Petitioner had stopped the vehicle. Tr. Vol. 2 at 24-25.

Based on his prior contacts with Petitioner, Officer Hock suspected Petitioner did not have a driver's license. Tr. Vol. 2 at 25. Therefore, upon making contact with Petitioner, he asked Petitioner for a driver's license or other identification. When Petitioner responded he had no driver's license, Officer Hock placed him under arrest. Tr. Vol. 2 at 25.

Officer Hock had requested backup while observing Petitioner exiting his vehicle. Tr. Vol. 2 at 24. Sergeant Syzmanski and Sergeant Willis responded to the call. After Officer Hock had arrested Petitioner, he asked Sergeant Willis to impound Petitioner's vehicle. Tr. Vol. 2 at 26. Sergeant Willis conducted an inventory of Petitioner's car and discovered a bag of crack cocaine. Tr. Vol. 2 at 26-27. *See also* Tr. Vol. 2 at 70-72.

On direct appeal, the OCCA determined that Petitioner's arrest was lawful. *See* OCCA Summary Opinion at 2 ("[T]he record clearly shows Appellant committed a misdemeanor in the presence of a police officer and the resulting arrest was legal.") *citing* 22 Okla. Stat. § 196; *Jones v. State*, 723 P.2d 984, 985 (Okla. Crim. App. 1986) (parenthetical omitted).

Under Oklahoma law, a warrantless arrest is authorized if a person commits or attempts to commit a public offense in the presence of the officer. *See* Okla. Stat. tit. 22, § 196(1). Driving without a license is a public offense. *See* Okla. Stat. tit. 47, § 6-303.

Officer Hock testified that based on prior dealings with Petitioner, he believed Petitioner did not have a valid driver's license. Tr. Vol. 2 at 25. Upon questioning,

6

Petitioner admitted to Officer Hock that he did not have a driver's license. *Id*. Therefore, Officer Hock had a sufficient basis upon which to arrest Petitioner. *See, e.g., Edwards v. State*, 319 P.2d 1021 (Okla. Crim. App. 1957) (where police officer had knowledge based on prior dealings with defendant that defendant did not have a valid driver's license, officer was justified in arresting defendant upon his failure to produce a license); *see also Payne v. State*, 330 P.2d 382 (Okla. Crim. App. 1958) (officer was justified in arresting defendant he observed in vehicle parked on the highway upon defendant's inability to produce a valid driver's license because defendant was committing a misdemeanor in the officer's presence). Oklahoma case law is in accordance with United States Supreme Court precedent providing that a warrantless arrest is lawful under the Fourth Amendment if there is probable cause to believe the person arrested has committed an offense. *See, e.g., Atwater v. Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that the person arrested has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

Officer Hock testified that once Petitioner was arrested, Officer Hock requested Sergeant Willis to "do an inventory and impound of the vehicle." Tr. Vol. 2 at 26. [2] Therefore, it was proper for the police to conduct an inventory search of his vehicle. "[A]n inventory search without probable cause of an impounded vehicle is lawful under the Fourth Amendment if the impoundment is pursuant to a state statute or administrative procedure that

---

[2]Sergeant Willis similarly testified: "When we got there Sergeant Hock already had a subject in custody, under arrest, and asked us to assist him by impounding the vehicle." Tr. Vol. 2 at 69.

authorizes the impoundment and satisfies certain constitutional requisites." *United States v. Sawyer*, 441 F.3d 890, 897 (10th Cir. 2006) *citing Florida v. Wells*, 495 U.S. 1 (1990); *Colorado v. Bertine*, 479 U.S. 367 (1987); *South Dakota v. Opperman*, 428 U.S. 364 (1976). *See also United States v. Tueller*, 349 F.3d 1239, 1243 (10th Cir. 2003) (inventory searches are "now a well-defined exception to the warrant requirement of the Fourth Amendment").

Here, the impoundment was conducted in accordance with Oklahoma City Municipal Ordinance, Chapter 32, Article I, § 32-95, Arrest and detention of driver, which provides:

> Whenever the driver or person in charge of any vehicle is placed under arrest and taken into custody and detained by police under circumstances which leaves or will leave a vehicle unattended on any street or highway, the vehicle may be impounded.

*See* Response, Ex. 1, Original Brief of Appellant, Appendix A.[3] Therefore, the inventory of Petitioner's vehicle was authorized. *See, e.g., United States v. Ibarra*, 955 F.2d 1405, 1410 (10th Cir. 1992) ("An inventory search is a well-defined exception to the warrant requirement of the Fourth Amendment.") (citations omitted).[4]

---

[3] On direct appeal, Petitioner claimed that Oklahoma City Municipal Ordinance § 32-95 is preempted by Okla. Stat. tit. 47, § 955. Specifically, Petitioner relies upon section 955(A)(3) which provides:

> Any officer of the Department of Public Safety or any other political subdivision of this state is hereby authorized to cause to be towed any vehicle found upon the roadway when:
>
> The person driving or in control of such vehicle is arrested for an alleged offense for which the officer is required by law to take the person arrested or summoned before a proper magistrate without unnecessary delay.

Okla. Stat. tit. 47, § 955(A)(3). Petitioner contended on direct appeal that his arrest on the misdemeanor charge for driving without a valid license is not the type of offense requiring that he be taken before a proper magistrate judge without unnecessary delay. *See* Response, Ex. 1, Brief of Appellant at 30 and footnote 37. Petitioner cited no authority for this contention and failed to offer any other reason why section 955(A)(3) should preempt the municipal code pursuant to which impoundment of Petitioner's vehicle was authorized. Petitioner's argument is without legal basis as "anyone arrested for a crime without formal process, whether for felony or misdemeanor, is entitled to a magistrate's review of probable cause within 48 hours." *Atwater*, 532 U.S. at 352 *citing County of Riverside v. McLaughlin*, 500 U.S. 44, 55-58 (1991).

[4] Petitioner contends that LaKeisha Parker, the additional registered owner of the vehicle "could have later taken possession of the vehicle, thus eliminating the need for impoundment of the vehicle." *See* Brief in Support of Petition [Doc. #3] at 17-18 (footnote). Petitioner offers no evidence that LaKeisha Parker was available to remove the vehicle or that he requested police to contact her. *Compare Marks v. Scafe*, No. 03-3029-GTV, 2004 WL 1701069 at **3-4 (D. Kan. July 28, 2004) (unpublished op.) (counsel not ineffective for failing to challenge inventory search on grounds that some other person could have taken possession of vehicle where petitioner failed to demonstrate that at time of incident, he desired some other person to take possession); *see also United States v. Seymour*, 933 F. Supp. 867, 970 (D. Ariz. 1996) (inventory search upon arrest of defendant for misdemeanor offense lawful where defendant failed to establish he was able to provide for removal of vehicle). Petitioner cites no statutory provision, municipal code or other policy which would have required police to attempt to contact the additional registered owner prior to impounding the vehicle.

Petitioner's arrest was lawful and the search of his vehicle did not violate Petitioner's Fourth Amendment rights.[5]  Therefore, Petitioner cannot establish that his trial or appellate counsel's performance prejudiced him.  The OCCA's adjudication of Petitioner's ineffective assistance of counsel claims is not contrary to or an unreasonable application of *Strickland*. Accordingly, the claims raised in grounds one and two of the Petition are without merit and should be denied.

### B.    Ground Three – Unlawful Sentence

During second-stage proceedings at Petitioner's trial, the State introduced evidence of Petitioner's four prior felony convictions.  Three of these convictions were for drug-related offenses.  The fourth conviction was a non-drug-related offense (unauthorized use of a motor vehicle).  Tr. Vol. 2 at 140-145.  In ground three of the Petition, Petitioner claims use of the non-drug-related offense for sentence enhancement renders his sentence invalid as a matter of law.

Petitioner did not raise this claim on direct appeal, but he did raise the claim in post-conviction proceedings.  The district court deemed the claim procedurally barred because the claim could have been raised on direct appeal.  However, the district court also addressed the merits of the claim and determined Petitioner's sentence was properly enhanced and fell within the applicable statutory range of punishment.  *See* Petitioner's Response [Doc. #18], Ex. 4, Petition in Error, Order Denying Application for Post-Conviction Relief (attached).

---

[5] Because the search was lawful as an inventory search, the Court need not address Petitioner's claim that the search was not a lawful search incident to this arrest.

The OCCA affirmed the district court's denial of post-conviction relief finding that "[m]ost of the issues Petitioner tries to raise in this proceeding either were, or if they had merit could have been, asserted during his trial proceedings or in his direct appeal." *See* OCCA Order Affirming Denial of Post-Conviction Relief at 1. Petitioner's claim raised in ground three of the Petition, therefore, appears to be procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (on federal habeas review, the merits of a claim will not be considered if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice). The Tenth Circuit has deemed Oklahoma's application of its procedural bar to be both independent and adequate, *see, e.g., Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002), and Petitioner has not asserted cause for excusing the procedural bar.

Even if the merits of Petitioner's claim were reviewed, however, Petitioner is not entitled to federal habeas corpus relief. Oklahoma law provides that a second or subsequent conviction for possession of a controlled dangerous substance with intent to distribute in violation of Okla. Stat. tit. 63, § 2-401(A)(1) subjects the defendant to punishment as a habitual offender pursuant to Okla. Stat. tit. 21, § 51.1. *See* Okla. Stat. tit. 63, § 2-401(D). Title 21 Okla. Stat. § 51.1(C) provides for imprisonment of three times the minimum term for a first time offender up to life imprisonment. *See* Okla. Stat. tit. 21, § 51.1(C). *See also*

Criminal Appeal Original Record at 64-65 (Jury Instruction) and 78-79 (Sentencing After Jury Trial Summary of Facts). The minimum punishment for a first time offender convicted of possession of a controlled dangerous substance with intent to distribute is five years. *See* Okla. Stat. tit. 63, § 2-401(B)(1). Thus, Petitioner's forty year sentence fell within the permissible range of punishment which was a minimum of fifteen years (three times the minimum term for a first time offender) and a maximum of life imprisonment. On habeas review, federal courts "afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law. *Dennis v. Poppel* 222 F.3d 1245, 1258 (10th Cir. 2000) (citations omitted). Petitioner, therefore, is not entitled to habeas relief as to the claim raised in ground three of the Petition, and this claim should be denied.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by August __2nd__, 2006. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

DATED this  13th  day of July, 2006.

*/s/ Valerie K. Couch*

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE